UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL NEWSOME,

     *Plaintiff,*

v.

RICHARD BOGAN et al.,

     *Defendants.*

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Case No.: 16-cv-06451

Pursuant to this Court's Pretrial Order, the Defendants, hereby respectfully submit the following proposed jury instructions. Defendants respectfully reserve the right to amend, modify and supplement these jury instructions if the need arises.

Dated: December 27, 2022
  Rochester, New York

.

**GOLDBERG SEGALLA LLP**

By: */s/ Taylor L. Baker*
   Taylor L. Baker, Esq.
   Albert J. D'Aquino, Esq.
   *Attorneys for Defendants*
   665 Main Street
   Buffalo, New York 14203
   (716) 566-5453
   ajdaquino@goldbergsegalla.com
   tbaker@goldbergsegalla.com

# TABLE OF CONTENTS

**Authorities:** 5 Modern Federal Jury Instructions – Civil P 87.03 (2022)

# **INSTRUCTIONS**

Jury Instruction No. 1

*Instruction 87-65 - The Statute*

The law to be applied in this case is the federal civil rights law, which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022)

<u>Jury Instruction No. 2</u>

*Instruction 87-66 - Purpose of the Statute*

      Section 1983 creates a federal remedy for persons who have been deprived by state officials (or any person acting under color of state law) of rights, privileges, and immunities secured by the United States Constitution and federal statutes.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022)

<u>Jury Instruction No. 3</u>

*Instruction 87-67 - Plaintiff's Burden of Proof*

      The plaintiff has the burden of proving each essential element of his Section 1983 claim by a preponderance of the evidence. To prove an assertion by a preponderance of the evidence means proving that it is more likely true than not true. If you find that any of the essential elements of plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022)

<u>Jury Instruction No. 4</u>

*Instruction 87-68 - Essential Elements of a Section 1983 Claim*

To establish a claim under Section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the acts complained of were committed by the defendant acting under color of state law;  Second, that in committing these acts, the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and Third, that the defendant's acts were the proximate cause of injuries sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022)

<u>Jury Instruction No. 5</u>

*Instruction 87-69 – First Element – Action Under Color of State Law*

The first element of the plaintiff's claim is that the conduct complained of was committed by the defendant acting under color of state law.

Action "under color of state law" means that the defendants claim to be acting pursuant to authority given him by the state, even if he is misusing that authority. The term "state" here also encompasses any political subdivision of a state, such as a county or city, and any state, county, or city agencies.

In this case, the defendants concede that they were acting under color of law when they entered the plaintiff's apartment and / or took control of the dogs found therein and / or adopted out one dog and euthanized the other.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022)

<u>Jury Instruction No. 6</u>

*Instruction 87-74 – Second Element – Deprivation of Right*

  The second element of plaintiff's claim is that the defendants, in committing the acts complained of, intentionally or recklessly deprived the plaintiff of a federal right. In order for the plaintiff to establish this second element, he must show that those acts that you have found the defendant took under color of state law caused the plaintiff to suffer the loss of a federal right; and that the defendant performed these acts intentionally or recklessly, rather than accidentally.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022)

<u>Jury Instruction No. 7</u>

*Instruction 87-74B Unlawful Search*

The Fourth Amendment to the United States Constitution protects the right of persons to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures. Plaintiff claims that this right was violated when Defendant entered his apartment and took control of dogs he claims belonged to him. If you have determined that the defendant committed the alleged acts -- that is, entered the plaintiff's home -- you must determine whether such acts violated the plaintiff's rights or whether a warrantless entry was permissible because (a) the Defendants had consent to search the apartment; (b) that an emergency justified the defendant's going forward with the search without having first obtained a warrant; or (c) that the search conducted was incident to a lawful arrest.

*Defendants' Addition of Factual Claims to the Charge*

Plaintiff claims the defendants illegally entered his apartment and seized two dogs that the plaintiff claims belonged to him. The plaintiff further claims one of the dogs was adopted out and the other euthanized without his consent. The defendants claim that they had the consent of the co-tenant to enter the apartment. Defendants further claim that the co-tenant, not the plaintiff, owned the dogs, and that the co-tenant gave permission to one or more of the defendants to take custody of the dogs. The defendants contend that the co-tenant, and true owner of the dogs, gave permanent custody of the dogs to one or more of the defendants. Finally, the defendants claim the plaintiff abandoned the dogs thus justifying their seizure and ultimate disposition of the dogs.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022)

<u>Jury Instruction No. 8</u>

*Instruction 87-79 – Third Element - Proximate Cause - Generally*

The third element that the plaintiff must prove is that the defendant's acts were a proximate cause of injuries sustained by the plaintiff. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022)

Jury Instruction No. 9

*Instruction 87-86 Qualified Immunity*

At the time of the incidents giving rise to this lawsuit, it was clearly established law a person has the right to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures. However, even if you find that the defendants violated the right of persons to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, the defendants still may not be liable to the plaintiff. This is because the defendants may be entitled to what is called "qualified immunity." If you find that one or more of the defendants is entitled to such immunity, you must find that defendant not liable.

A defendant is entitled to qualified immunity if, at the time he violated the right of persons to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, he neither knew nor reasonably should have known that his actions violated federal law. Please note that the fact that a defendant was unaware of the law I described above, is not sufficient by itself to give him this qualified immunity. In addition, he must show that a reasonably competent officer in his position would not have known of this law either.

In deciding what a reasonably competent officer would have known about the legality of the defendant's conduct, you may consider the nature of his official duties, the character of his official position, the information that was or was not known to him, and the events that confronted him.

The defendants have the burden of proving that they neither knew nor should have known that their actions violated federal law. If any of the defendants convinces you by a preponderance of the evidence that they neither knew nor should have known that his actions violated federal law, then you must return a verdict for that defendant, even though you may have otherwise found that the defendant in fact violated the plaintiff's rights under color of state law.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022)

Jury Instruction No. 10

*GENERAL INSTRUCTIONS: 87-81 — Municipalities*

(Regarding defendant, The Humane Society of Wayne County)

      The fact that an employee of a municipality deprived the plaintiff of a federal right is not alone a sufficient basis for holding the municipality liable to the plaintiff. In this case, the plaintiff sued The Humane Society of Wayne County, which under the law constitutes a municipality. Before you can hold a municipality liable, the plaintiff must establish by a preponderance of the evidence that the action of the employee that deprived him of his federal right was the result either of an official policy of the municipality or a municipal custom that was in place even though such a custom had not necessarily received formal approval through the body's official decision-making channels.

**Authority**: 5 Modern Federal Jury Instructions-Civil P 87.03 (2022)

Jury Instruction No. 11

*GENERAL INSTRUCTIONS: 87-83 — Municipalities - Practice and Custom*

Whether an official practice or custom exists is a question of fact for you to determine. A practice or custom is a persistent, widespread course of conduct by municipal officials (or employees) that has become the usual and accepted way of carrying out policy, and has acquired the force of law, even though the municipality has not necessarily formally adopted or announced the custom.

**Authority:** 5 Modern Federal Jury Instructions-Civil P 87.03 (2022)

<u>Jury Instruction No. 12</u>

*GENERAL INSTRUCTIONS: 87-84 — Municipalities — Attributing the Policy, Practice, or Custom to the Municipality*

      The Humane Society of Wayne County is a policy-making entity whose actions can be said to represent a decision of the government itself. The Humane Society of Wayne County may cause injury by direct orders, by ratifying a subordinate's decision and the basis for it, or by establishing a policy for municipal employees that, when followed by those employees, results in the injury.

      I instruct you that Mark Plyter is a policy-making official whose actions may be attributed to the municipality.

**Authority:** 5 Modern Federal Jury Instructions-Civil P 87.03 (2022)

Jury Instruction No. 13

*Instruction 87-89 Causation of Damages*

I have said that you may award damages only for those injuries which you find the plaintiff has proven, by a preponderance of evidence, to have been the proximate result of conduct by one or more of the defendants in violation of Section 1983.

The defendants may avoid damages if one or more can show that, even absent the deprivation of federal rights alleged by the plaintiff, one or more of the defendants, would have reached the same decision with regard to the plaintiff and, therefore, that, even absent the deprivation, the plaintiff would have suffered the same harm. The burden, however, is on the defendant to prove that he would have reached the same decision at the time of the violation of the plaintiff's rights.

Also, if you find that the plaintiff's injuries were the result of conduct by the defendant that was partly legal and partly illegal, you must award damages only for such portion of the injuries attributable to the illegal conduct. However, if you are unable to separate the two, then you must award damages for the entirety of the injuries.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022)

Jury Instruction No. 14

*Instruction 87-88 Nominal Damages*

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages by one or more of the defendants, then you must return an award of damages in the sum of one dollar, evidencing that liability has been proved.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022)

## Jury Instruction No. 15

*Instruction 87-87 Compensatory Damages*

If the plaintiff has proved all three essential elements of his Section 1983 claim, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a proximate result of one or more of the defendants' misconduct.

You shall award damages only for those injuries that you find plaintiff has proven by a preponderance of the evidence. Moreover, you may not simply award damages for any injury suffered by plaintiff—you must award damages only for those injuries that are a proximate result of conduct by one or more of the defendants' that violated plaintiff's federal rights under color of law.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022)

Jury Instruction No. 16

*Instruction 87-90 Mitigation of Damages*

      If you find that the plaintiff was injured as the direct result of conduct by one or more of the defendants in violation of Section 1983, you must determine whether the plaintiff could have done something, after the injurious conduct, to lessen the harm that he suffered. The burden is on the defendants to prove, by a preponderance of evidence, that the plaintiff could have lessened the harm that was done to him, and that he failed to do so. If the defendants convince you that the plaintiff could have reduced the harm done to him but failed to do so, the plaintiff is entitled only to damages sufficient to compensate him for the injury that he would still have suffered even if he had taken appropriate action to reduce the harm done to him.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022)

Jury Instruction No. 17

*Instruction 87-91 Double Recovery and Compensatory Damages*

I have said that, if you return a verdict for the plaintiff, you must award him a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the conduct of the defendant. In this case, the plaintiff claims that the defendant violated his rights in a number of ways. [Here, list each of the alleged violations of federal law and/or the alleged pendent violations of state law.] If you find that the defendant did in fact violate more than one of the plaintiff's rights, you must remember, in calculating the damages that the plaintiff is entitled to be compensated only for injuries he actually suffered. Thus, if the defendant violated more than one of the plaintiff's rights, but the resulting injury was no greater than it would have been had the defendant violated only one of those rights, you should award an amount of compensatory damages no greater than you would award if the defendant had violated only one of the plaintiff's rights. If, on the other hand, the defendant violated more than one of the plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate the plaintiff for the separate injuries he has suffered.

**Authority:** 5 Modern Federal Jury Instruction 87.03 (2022).